**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 25, 2007[*]
Decided April 25, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2443

| | |
|---|---|
| KENNETH A. MCCREADY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 C 1782 |
| KAREN JACOBSEN, et al., *Defendants-Appellees*. | John A. Nordberg, *Judge.* |

**O R D E R**

Kenneth McCready was evicted from his apartment and brought suit in federal court against the building manager, her attorneys, and others, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and various Illinois state laws. The district court dismissed the FDCPA

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

claim, reasoning that the defendants' actions did not fall within the purview of the statute, and then declined to exercise supplemental jurisdiction over the remaining state-law claims. McCready now appeals. We affirm.

McCready leased an apartment that was managed by defendants Karen Jacobsen and Miles Gillott. He complained of numerous problems with the apartment and, when they were not addressed to his satisfaction, he withheld rent. Jacobsen commenced an eviction proceeding and, after McCready failed to appear, Cook County Circuit Court Judge Turkington (also a defendant) awarded Jacobsen possession of the apartment and back rent. McCready filed a bankruptcy petition in the United States Bankruptcy Court and vacated the apartment.

McCready then sent a letter to Jacobsen demanding that she refund his security deposit and return certain personal property he had left behind. He threatened to sue her and her attorneys, but stated that he would "entertain offers to settle the litigation" for "a decent dollar amount." Jacobsen's attorneys (also named as defendants) responded by letter with an itemization of the ways in which McCready's security deposit had been applied toward unpaid rent and repairs. The letter began with a prominent disclaimer stating that, "**IN NO WAY IS THIS TO BE CONSTRUED AS AN ATTEMPT COLLECT** [sic] **UPON THE DEBT OWED YOUR LANDLORD. PLEASE DO NOT SEND ANY MONEY TO THE LANDLORD AT THIS TIME**."

McCready filed suit in the district court alleging that counsel's letter as well as "harassing" phone calls from Jacobsen and Gillott violated the FDCPA. The complaint also asserted various state-law claims, primarily under Chicago's Residential Landlord and Tenant Ordinance. The district court dismissed the FDCPA claim for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), finding that the defendants' conduct did not fall within the statute because Jacobsen and Gillott were creditors, not debt collectors, and counsel's letter was not an attempt to collect a debt, but simply an explanation why McCready's security deposit was not being returned. The court then declined to exercise supplemental jurisdiction over the remaining state-law claims, *see* 28 U.S.C. § 1367(c)(3), and dismissed the suit in its entirety.

On appeal, McCready challenges only the district court's determination that counsel's letter was not a violation of the FDCPA. Specifically, he argues that the district court erroneously concluded that the letter was not "in connection" with the collection of a debt. But this argument is meritless. The FDCPA, as it pertains to this case, prohibits false, deceptive, or misleading representations in connection with the collection of a debt, *see* 15 U.S.C. § 1692e, as well as unfair or unconscionable collection practices, *see id.* § 1692f. We previously have concluded that a letter informing plaintiffs of the current status of their account and

demanding no payment was not a communication "in connection with the collection of any debt" under the FDCPA. *Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 388-89 (7th Cir. 1998). The letter at issue here similarly demanded no payment and simply provided—at McCready's request—an accounting of how his security deposit had been applied toward unpaid rent and repairs. McCready now urges us to overrule *Bailey*, but we decline his invitation.

McCready also argues that the district court erred in its FDCPA analysis by failing to apply the so-called "unsophisticated consumer" test. Under that test, a collection letter should be assessed from the viewpoint of a debtor who is "uninformed, naive, or trusting" but who possesses "rudimentary knowledge" of the financial world. *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004) (citations omitted). As a matter of law, however, we will not entertain a "bizarre, peculiar, or idiosyncratic interpretation of a collection letter," and a letter will not violate the statute unless a significant portion of the population would have been misled by it. *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). Counsel's letter here explicitly stated that it was not a collection letter, and it strains credulity to suggest that many persons would view it otherwise.

Accordingly, the judgment of the district court is AFFIRMED. McCready's motion to strike the brief of appellees Jay Andrew and Morgen & Perl, LLP is DENIED.